UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENNIS CEYRON YAKAB,

v.                                                          Case No.  6:09-cv-850-Orl-31DAB

LAWSON LAMAR, LINDA DRANE, ROBERT
WESLEY, and STEVEN R. JEWETT,

                    Defendants.

_____

## ORDER OF DISMISSAL

Plaintiff, a prisoner of the State of Florida proceeding *pro se*, initiated this action by

filing a civil rights complaint pursuant to 42 U.S.C. § 1983.  Because Plaintiff is a prisoner

seeking redress from a governmental entity or employee, the Court must review the

complaint to determine whether it is frivolous or malicious.

### I.    *Legal Standard*

Pursuant to 28 U.S.C. section 1915A(b), the Court is required to perform a judicial

review of certain civil suits brought by prisoners:

> (b)    Grounds for Dismissal.--On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the
> complaint--
>
> (1)    is frivolous, malicious, or fails to state a claim upon which
> relief may be granted; or
>
> (2)    seeks monetary relief from a defendant who is immune from
> such relief.

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

In addition, 28 U.S.C. section 1915(e) directs the court to dismiss actions which are frivolous or malicious. A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). However, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

## II.    *Analysis*

### A.    *Plaintiff's Allegations*

Plaintiff brought this action against the following Defendants: Lawson Lamar, the State Attorney for the Ninth Judicial Circuit in Orange County, Florida; Linda Drane, an assistant state attorney in the Ninth Judicial Circuit; Robert Wesley, the Public Defender for the Ninth Judicial Circuit; and Steven R. Jewett, an assistant public defender in the Ninth Judicial Circuit. Plaintiff alleges that Defendants were involved in certain wrongdoings during a criminal jury trial involving Plaintiff that was held on October 23, 1993.

### B.    *Statute of Limitations*

The statute of limitations is usually a matter that may be raised as an affirmative defense. However, in an action proceeding under section 1983, the Court may consider,

*sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

Under federal law, a § 1983 action accrues when the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987). "Because section 1983 does not contain a statute of limitations, reference must be made to the limitation periods prescribed by the state in which the litigation arose." *Majette v. O'Connor*, 811 F.2d 1416, 1419 (11th Cir.1987). "[T]he most appropriate statute of limitations for all section 1983 actions is the personal injury statute of limitations of the state whose law is to be applied." *Id.* Because the Florida statute of limitations for personal injury cases is four years, the applicable statute of limitations in this case is also four years. § 95.11, Fla. Stat.

In this case, Plaintiff complains of actions and constitutional violations that occurred in October, 1993. Plaintiff's complaint, however, was not filed until May 19, 2009, more than four years after the date of his alleged cause of action. As such, it is clear that all of Plaintiff's claims are barred by the four-year statute of limitations. Based on the facts apparent from the face of the present complaint, the Court concludes that Plaintiff's complaint is barred by the applicable statute of limitations, and it is, therefore, subject to dismissal as frivolous.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      This case is **DISMISSED**.

2.      Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2, filed May 19, 2009) is **DENIED**.

3.      Plaintiff's Motion for Appointment of Counsel (Doc. No. 3, filed May 19, 2009) is **DENIED**

4.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida this 29th day of May, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 5/29
Dennis Ceylon Yakab a/k/a Yakab C. Dennis